## THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY v. AMOS.

[No. 2,257. Filed March 15, 1898. Rehearing denied June 9, 1898?]

APPEAL AND ERROR.—*Bill of Exceptions.—Motions.*—A motion to make a complaint more specific must be set out in the bill of exceptions in order to become a part of the record on appeal. *p. 379.*

MASTER AND SERVANT.—*Negligence.—Damages.—Special Verdict.—Sufficiency.*—A special verdict in an action by a section hand against a railroad company for damages for injuries sustained while breaking stone for defendant which finds that the handle of the hammer furnished him by defendant was made of a hickory pole with the bark on, and was worm-eaten and defective, and by reason of such defects broke and caused the hammer to glance and thus cause a piece of the stone to fly toward plaintiff and strike him in the eye, wounding the eye and destroying the sight, is sufficient to sustain a judgment for plaintiff. *pp. 379-382.*

SPECIAL VERDICT.—*Ultimate Facts.—Practice.*—The question as to the manner in which plaintiff received an injury is one of fact to be found by the jury, and such conclusion will not be disturbed under a motion for a judgment on the verdict. *pp. 382, 383.*

SAME.—*Weight of Evidence.*—Where there is evidence tending to support the findings in a special verdict the Appellate Court will not disturb the verdict on the sufficiency of the evidence. *p. 383.*

APPEAL AND ERROR.—*Interrogatories to Jury.—Objections to Form of.—When Made for First Time on Appeal.*—Objections to interrogatories to the jury filed with the special verdict on the ground that they were not so framed that the jury in answering them should answer as to a single fact only will not be considered on appeal under a motion for judgment upon the verdict, where no such objection was presented in any form to the trial court. *p. 383.*

From the Jennings Circuit Court. *Affirmed.*

*McMullen & McMullen,* for appellant.

*T. C. Batchelor* and *G. H. Batchelor,* for appellee.

BLACK, J.—The appellee's complaint against the appellant was held sufficient on demurrer. The objections urged against the complaint, in argument relative to this ruling, assail the pleading for want of definiteness rather than for failure to state a cause of action. Upon motion it was made more definite in some respects. The motion to require it to be made more definite having been renewed, it was overruled, and this ruling is assigned as error. But in the bill of exceptions by which it was sought to save this matter, the written motion stating wherein it was sought to have the pleading made more specific was not set out. In the place where it should have been copied into the bill, a reference is made to another part of the transcript where it is inserted by the clerk. Not being a part of the record, though thus in the transcript, the motion showing in what respect it was desired to have the complaint made more specific could not be brought into the record by a reference in the bill of exceptions. This has been decided frequently. See *Colee* v. *State*, 75 Ind. 511, and authorities there cited. There was a special verdict, upon which the court rendered judgment for the appellee.

In the special verdict the facts were found substantially as follows, omitting mere preliminaries: The appellee, on the 5th day of February, 1894, was in the employ of the appellant, as a section hand on its railroad, and as such employe was subject to the appellant's control. The appellant by its section foreman ordered the appellee to break stone for the appellant with a certain hammer, which was furnished by the appellant, and was fitted with a wooden handle, made of a hickory pole with the bark on it. The handle was worm-eaten and decayed under the bark, and by reason of its worm-eaten and decayed condition rendered weak and unsafe for use. It had been cut

for several years. It was found that the appellant, by the use of ordinary, diligent inquiry could have learned prior to said day that said handle had been cut for so long a time as to render it unsafe for use, and that it is a fact that hickory poles, when cut green, the bark being left on, become decayed and worm-eaten, and are thereby rendered liable to break. It was also stated that the appellant, by a reasonable, prudent and careful inspection of said handle could have ascertained, before furnishing it to the appellee, that it was decayed or worm-eaten and unfit for use. While appellee was breaking stone with said hammer for the appellant, in the usual and ordinary way of doing such work, on said day, the handle broke near the hammer. When it broke, the appellee was breaking stone by striking the stone with the hammer, using no more force than was proper and necessary to break the stone. The breaking of the handle caused the hammer to glance, and thus caused a piece of stone to fly toward appellee and to strike him in the right eye, wounding the eye and destroying the sight thereof. The particulars of the consequent damage were set forth, and the sum of $3,000.00 was found to be a reasonable compensation for the injury.

It was stated by the jury that the appellee was wholly ignorant of the faulty, decayed and worm-eaten condition of the handle, up to the time it broke; that he had no opportunity to learn, by the use of ordinary diligence and care, of the decayed and worm-eaten condition of the handle before it broke.

It was further found that the appellee had not used the hammer with the same handle before the day he was injured; that the handle was put into the hammer the day before by "the employes;" that the appellant furnished the handle; that it originally came from the

woods; that it was one that the appellant had kept in stock; that the appellee did not have the same opportunity to inspect the handle that the appellant had, and did not have more opportunity than the appellant to inspect and examine it. There were statements of other material facts and of mere conclusions of law, which we need not recite.

It is the duty of a master who employs a servant to work with tools furnished by the former to exercise ordinary care and diligence, in providing such tools, to furnish tools which will be safe for the servant in the use thereof about the master's business pursuant to the contract of employment. It is also the master's duty toward the servant to exercise a reasonable supervision over such tools and to exercise ordinary care to keep them in safe condition for the use of the servant. He cannot devest himself of responsibility by delegating the performance of such duties to agents or other servants.

The master is required to take notice not only of the deterioration of tools and appliances by continued use, but also of such deterioration by natural or ordinary decay as may be discovered by reasonable inspection, in any material which may be provided by him as tools or as parts thereof.

The servant has a right to rely upon the master's observance of these requirements and performance of these duties. The servant impliedly assumes the risk ordinarily and naturally incident to the particular service in which he voluntarily engages as a servant, and he is bound to exercise ordinary care for his own safety in the use of the implements so provided. If he is injured because of his own want of such care he cannot recover of the master because of contributory fault; and if he is injured, though without want of due care on his part, yet without any fail-

ure of the master to perform such duties on his part, the injury is to be regarded as one the risk of which was assumed by the servant.

But the duty of inspection does not lie equally upon the master and the servant; for the servant has the right to assume that the master has so performed his duty that the servant may rely upon the safety of such implements provided by the master, unless their defectiveness is open to the observation of ordinarily prudent men; in which case the servant cannot so rely upon their safety, and if he voluntarily continues to use them in such condition, he assumes the additional risk. The implied undertaking of the master is, not that the implement is absolutely free from danger in its uses, but that according to its kind it is sound and fit for the use to which it is to be put, so far as ordinary care and prudence can discover, and that he will exercise ordinary care and prudence to keep it in such condition.

These legal propositions are so elementary and are so often stated in substance in the reported decisions of our own State, that this repetition of them may seem unnecessary. They are the legal doctrines applicable to the facts of this case.

Applying them to the special verdict, we have concluded that there was no error in rendering judgment for the appellee upon the verdict.

It is very strongly urged in behalf of the appellant that it does not sufficiently appear that the appellee's injury was caused by the breaking of the defective handle. It is, in effect, claimed that it cannot be regarded as consistent with sound reason to find that the breaking of the handle, in the manner described, could be the true cause of the flying of the stone in the direction in which it was caused to go by the hammer.

The Baltimore and Ohio Southwestern R. R. Co. *v.* Amos.

It is a question of fact, and not one of law. This court cannot determine that it was an impossibility in the nature of things for the injury to occur as found by the jury. It was for the jury to state the ultimate fact without the mere evidence upon which it was decided; and we are unable to disturb the jury's conclusion, but must assume it to be correct when considering it under a motion for judgment.

Upon the question as to the sufficiency of the evidence, the argument of counsel relates to matters within the province of the jury and the trial court rather than of this court. It was for the jury to determine what weight should be given to the testimony of the several witnesses, and there having been evidence tending to prove the findings, we cannot interfere on the ground of want of sufficiency of the evidence.

Some objection has been suggested to certain interrogatories in the special verdict, on the ground that they were not so framed that the jury in answering them should answer as to a single fact only. Counsel have not referred to any part of the record showing that such objection was presented in any form to the trial court, and in our examination of the record we have not observed any suggestion of that matter to the trial court. The question does not arise under the motion for judgment upon the verdict. Being first suggested in argument here, we cannot regard the imperfection, if any, as available error.

Objections have been urged against some of the instructions given by the court to the jury. Upon a consideration of all the instructions taken together, we are unable to regard the particular instructions criticised as properly subject to the objections urged against them, the discussion of which by us would not serve any useful purpose. The judgment is affirmed.