CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. DOAN.

[No. 7,166.   Filed March 28, 1911.]

1. RAILROADS.—*Rights of Way.*—*Eminent Domain.*—*Title.*—A railroad company in condemning a right of way acquires only an easement.  p. 325.

2. PLEADING.—*Motions to Strike out.*—*Harmless Error.*—*Appeal.*— It is not reversible error to overrule a motion to strike out parts of a pleading.  p. 325.

3. TRESPASS.—*Railroads.*—*Excavations.*—*Complaint.*—A complaint alleging that defendant railroad company unlawfully entered upon plaintiff's real estate and removed earth, rock and gravel underneath defendant's easement, and converted such materials to its own use, states a cause of action.  p. 325.

4. RAILROADS.—*Rights of Way.*—*Title Acquired.*—*Change of Grade.* —Under the Indiana laws, a railroad company in condemning a right of way obtains an easement giving to it the right subsequently to elevate or lower its tracks without extra compensation, though a map and profile of the proposed road is required to be filed (§5194 Burns 1908, §3902 R. S. 1881), the damages originally given constituting the total damages for the easement. pp. 326, 327.

5. RAILROADS.—*Rights of Way.*—*Condemnation.*—*Profile.*—*Time of Filing.*—*Statutes.*—Section 5194 Burns 1908, §3902 R. S. 1881, providing that every railroad company, "before proceeding to construct a part of its road into or through any county named in its articles of association, shall make a map and profile of the

route * * * which shall be * * * filed in the office" of the clerk, does not require the filing thereof before the condemnation proceedings are instituted. p. 326.

6. RAILROADS.—*Rights of Way.*—*Damages.*—Unless a railroad company makes its map and profile a part of its proceedings in condemning its right of way, and the damages are assessed upon a consideration thereof, the owner has no right to damages for subsequent changes in the grade of the railroad necessitating filling or excavating. p. 330.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Joseph J. Doan against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Leonard J. Hackney, Frank L. Littleton, Enloe & Pattison, Courtland C. Matson* and *T. C. Grooms,* for appellant.
*George E. Easley* and *Silas B. Hays,* for appellee.

ADAMS, J.—Action by appellee against appellant to recover damages for alleged trespass. The complaint is in two paragraphs. In the first paragraph appellee alleges that appellant is a corporation organized under the laws of the State of Indiana, and for many years has owned and operated a line of railroad from the city of Indianapolis, Indiana, to the city of St. Louis, Missouri; that he is the owner of a farm of 200 acres, situate in Hendricks county, Indiana, subject to an easement in favor of appellant, said easement being in a strip of land seventy-five feet wide and thirteen hundred eighty feet long, and from zero to about thirty feet deep, which easement was acquired by deed of conveyance on May 14, 1906, also subject to an easement across said land, owned by appellant, acquired by the exercise of the right of eminent domain in the Hendricks Circuit Court on May 15, 1869, by the Indianapolis and St. Louis Railway Company, of which appellant company is the successor. A copy of said proceedings and the map and profile, filed on May 7, 1869, are also made part of the complaint and set out as exhibits. Said complaint further alleges "that, by

virtue of said proceedings, said defendant railway company acquired an easement in and to a strip of land on each side of the center line of said railroad, forty-nine and one-half feet wide, making the entire width ninety-nine feet, and running in a southwesterly direction through said tract, being about twenty-seven hundred eighty-eight feet long, and containing six and thirty-three one-hundredths acres. Said strip being from zero to about sixteen feet in depth, as shown by the map and profile in said cause."

The alleged trespass is charged in the following words: "Plaintiff alleges and says that defendant has unlawfully entered upon the real estate of this plaintiff, and is removing the earth, rock and gravel underneath the easement acquired by said defendant company, as set forth in exhibit B, from zero to about thirty feet in depth, and ninety-nine feet in width, and for a distance of twenty-seven hundred eighty-eight feet, and will continue to remove said earth, rock and gravel of said plaintiff if not restrained by this court, taking and transferring said earth, rock and gravel entirely away from the lands of this plaintiff, and depositing it upon other lands of defendant, and wrongfully converting and using it for the purpose of embankments and fills, to the damage of this plaintiff."

The complaint then states more in detail the nature and extent of the injury which will result to the lands of the appellee by reason of the alleged trespass, and says that appellant has not taken the necessary steps in such cases made and provided by the statutes of Indiana, either by purchase or by the exercise of the right of eminent domain, to acquire from appellee title to said real estate, or in any manner compensating or offering to compensate appellee.

The second paragraph of complaint is substantially the same as the first, except that the map and profile of the seventy-five-foot strip acquired by deed, filed on December 8, 1905, is shown as an exhibit, and the damages claimed are set out more fully than in the first paragraph.

Appellant demurred to each paragraph of the complaint for want of facts sufficient to constitute a cause of action, which demurrers were overruled.  A supplemental complaint was also filed, subsequent to the excavations made by appellant, in which special and additional damages are claimed.  Appellant answered in four paragraphs, and also filed a motion to strike out certain parts of the supplemental complaint, which motion was overruled.  Upon issues thus formed the cause was submitted to the court, resulting in a finding and judgment for the appellee.  The ruling of the court upon demurrers and upon the motion to strike out, and the overruling of appellant's motion for a new trial, are separately assigned as error, and relied on for reversal in this court.

It is the settled law in Indiana that a railroad company, in the exercise of the right of eminent domain, acquires but an easement in the lands taken for public use.  *Quick* v. *Taylor* (1888), 113 Ind. 540; *Cincinnati, etc., R. Co.* v. *Geisel* (1889), 119 Ind. 77; *Chicago, etc., R. Co.* v. *Huncheon* (1892), 130 Ind. 529.

The error assigned on the overruling of the motion to strike out part of the supplemental complaint is not well taken.  The overruling of a motion to strike out parts of pleadings has been held not to constitute available error on appeal.  *Brown* v. *Summers* (1883), 91 Ind. 151; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552; *Pfau* v. *State, ex rel.* (1897), 148 Ind. 539; *Petree* v. *Brotherton* (1892), 133 Ind. 693.

It is urged by appellant that the complaint fails to state a cause of action, for the reason that it contains no averment that the railroad was constructed upon the grade shown by the profile.  While there is no direct averment to this effect, it is alleged in the complaint that, by virtue of the proceedings in condemnation, appellant acquired an easement in a strip of land ninety-nine feet wide, and twenty-seven hundred eighty-eight feet

long, said strip being from zero to about sixteen feet in depth, as shown by the map and profile in said cause. While this is not an averment that the railroad was constructed, as shown by the map and profile, it does show that the right or easement which appellant acquired was to a depth of sixteen feet, and as the trespass complained of relates to excavations made below the sixteen-foot line, we think each paragraph of the complaint stated a cause of action.

There seems to be no difference between the parties as to their rights in the seventy-five-foot strip of land acquired by deed. It was understood by both parties at the time of the execution of the deed that there should be a cut of thirty feet, and this is shown by the map and profile. The whole difference arises over the right of appellant to excavate to a greater depth than sixteen feet on the ninety-nine-foot strip acquired by condemnation proceedings in 1869. If the filing of the map and profile, showing the width of the tract claimed and the depth of the cut, formed the basis of the damages assessed, and was a part of the proceedings in the Hendricks Circuit Court, then the lower court was correct in holding that the damages assessed in 1869 were compensation only for the right of way as shown by the map and profile. But if such map and profile constituted no part of the condemnation proceedings, and the assessment of damages was made by appraisers without regard to such map and profile, but only on the instrument of appropriation and the order of the court to them delivered, then it must be presumed that the damages assessed were not only present damages, but included all future damages which, within the bounds of reasonable probability, might result to said real estate, by reason of the use of said right of way by appellant in a manner most injurious.

The statute which relates to the filing of a map and profile is section twelve of the act of May 6, 1853 (§5194 Burns 1908, §3902 R. S. 1881), and is as follows: "Every such company, before proceeding to con-

struct a part of its road into or through any county named in its articles of association, shall make a map and profile of the route intended to be adopted by such company, which shall be certified by a majority of the directors, and filed in the office of the clerk of such county, for the inspection and examination of all parties interested therein.''

It was held in the case of *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 360, 13 L. R. A. (N. S.) 197, that the foregoing section does not contemplate the filing of the map and profile before condemnation proceedings are instituted. This conclusion is based upon a similar statute of the State of Kansas, and is construed in the case of *Missouri River, etc., R. Co.* v. *Shepard* (1872), 9 Kan. 647. See, also, *Chicago, etc., R. Co.* v. *Grovier* (1889), 41 Kan. 685, 21 Pac. 779.

Section fifteen of the act of 1853 (§5236 Burns 1908, §3907 R. S. 1881), authorizes a railroad company to enter upon any land for the purpose of examining and surveying its line, and may appropriate so much thereof as may be deemed necessary for the carrying out of its purpose. It is provided that the corporation shall forthwith deposit with the clerk of the circuit court of the county where the land is situate a description of the rights and interests intended to be appropriated, and such land, rights and interests shall belong to such company to use for the purpose specified, by conforming to the requirements set out in said section. It does not appear, however, that the filing of such instrument in the office of the clerk of the court shall precede the application for the writ, or that such filing shall constitute a jurisdictional fact.

In the case of *Prather* v. *Jeffersonville, etc., R. Co.* (1875), 52 Ind. 16, 40, it is said: "It is well settled that a corporation in condemning and appropriating private property for public use should, in some public and definite manner, describe the property, so that the respective rights of the owner and corporation should

be clearly defined and definitely fixed, and this is also necessary to enable appraisers to assess the damages sustained by the owner of the land condemned.'' From this statement it fairly appears that the court considered the instrument of appropriation and the order to the appraisers as constituting the basis for the assessment of damages.

The decisions of courts of other states throw little light upon the questions here presented, for the reason that such decisions construe local statutes. Counsel for appellee have cited numerous cases from the supreme and appellate courts of the State of Illinois. The statute upon the subject of eminent domain in the State of Illinois is unlike the statute of this State. A railroad company desiring to acquire a right of way by condemnation in Illinois, must file a petition in the court having jurisdiction, and the facts are submitted to a jury. The jury may, by agreement of the parties, or by the order of the court, view the premises. There is no statute requiring a map and profile to be filed at any time. It is, however, considered important in such a proceeding for the railroad company to present such a map to the jury upon the hearing, in order to limit the amount of damages found to the injury shown by the map and profile.

In the case of *Jacksonville, etc., R. Co.* v. *Kidder* (1859), 21 Ill. 131, the court said: ''Indeed, it seems to us that the plan upon which the road was to be built, and the mode of construction, were of the utmost importance to enable the jury to come to a correct conclusion, and that it was not only the right but it was the duty of the railroad company to furnish full plans, profiles and estimates of that part of the road, and if they failed or neglected to do so, then the jury were authorized to presume that the road would be constructed in the mode most injurious, within the bounds of reasonable probability.''

In the Illinois cases where it is shown that the railroad company offered in evidence maps and profiles, and where it

appears that the damages assessed were based upon such proof, the railroad company is bound to construct its road as shown by such map, and if the company subsequently changed the grade, to the injury of the landowner, damages resulting from such change could be recovered.

In the case of *Rehman* v. *New Albany Belt, etc., R. Co.* (1893), 8 Ind. App. 200, 211, it is held that the assessment made pursuant to the instrument of appropriation, contemplates all damages to the land taken, as well as the injury to the remainder of the land, which results or might result from the appropriation of the part taken, and the proper construction, maintenance and operation of the railroad thereon.

In the case of *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213, 220, the court said: "The rule in condemnation proceedings is that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not including such as may arise from negligence, or unskillfulness, or from the wrongful act of those engaged in the work, must be assessed. Damages are assessed once for all, and the measure should be the entire loss sustained by the owner, including in one assessment all injuries resulting from the appropriation." See, also, *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 7 L. R. A. 257.

The admitted facts in the case under consideration are that on the day of filing the instrument of appropriation by the railroad company, a map and profile was also filed in the office of the clerk of the Hendricks Circuit Court. The law then in force did not require the filing of such map as a part of the condemnation proceedings, but did require that it be filed before construction was commenced. The record in this case sets out the instrument of appropriation, the order to the appraisers, and the report of the appraisers assessing damages, and in none of said papers is any reference made to the map and profile so filed. The amount of

damages assessed was paid by the railroad company, and no exceptions are shown to have been taken. Appellant proceeded to construct its line of railway on the grade shown in the profile. In this action appellee asserted and claimed that appellant's easement only extended to a depth of sixteen feet below the surface line, and that he was the owner in fee simple of that part of the right of way below sixteen feet.

This was the important averment in appellee's complaint, and the burden was upon him to prove such averment by a fair preponderance of the evidence. The only proof offered was the map and profile, and a showing that it was filed on the same day the instrument of appropriation was filed, and prior to the appointment of appraisers.

As we have seen, the law, as construed in this State, does not require such map to be filed before or as a condition precedent to condemnation proceedings; and by filing such map prior to, or at the time of filing the instrument of appropriation, the map does not become a part of the proceedings, unless expressly made so by the railroad company, for the purpose of limiting the damages to the injury shown thereon. In the absence of any proof that such map and profile were taken and considered by the appraisers and the damages were assessed upon the basis of injuries shown by the map and profile, we are constrained to hold that the decision of the trial court was not sustained by the evidence.

The judgment is reversed and the cause remanded, with instructions to sustain appellant's motion for a new trial.