## DOAN v. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 7,582. Filed May 10, 1912. Rehearing denied December 19, 1912. Transfer denied November 20, 1913.]

1. APPEAL.—*Review.*—*Complaint.*—*Sufficiency.*—A complaint will be held sufficient on appeal, where it alleges in the same words the same actionable facts alleged in a complaint held sufficient on the appeal of an action by the plaintiff's husband against the same defendant. p. 621.

2. EVIDENCE.—*Written Contracts.*—*Evidence to Vary.*—It is competent to show by parol that the consideration of a written contract is in fact different from the one expressed in the instrument. p. 623.

3. EVIDENCE.—*Parol Evidence.*—*Deeds.*—All preceding or contemporaneous verbal agreements in relation to the subject-matter of a written contract are merged therein, and, although the consideration for a conveyance may be shown to have been different from that expressed in the instrument, the contract to convey is merged in the deed and the deed alone must be looked to in determining the rights of the parties, and its terms are conclusive as to what was conveyed and cannot be altered by parol. p. 623.

4. RAILROADS.—*Right of Way.*—*Extent of Grant.*—*Injury to Adjoining Property.*—*Liability.*—Although a grant of a right of way

may relieve a railroad company of liability for incidental injuries to the land not taken, caused by its construction of tracks and grades on the right of way, the grant of a strip alongside an old right of way, to be used for additional construction, cannot affect any liability on the part of the company for lowering the grade of the old right of way.  p. 624.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Ida C. Doan against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George E. Easley* and *S. A. Hays,* for appellant.

*Enloe & Pattison, Frank L. Littleton* and *W. F. Elliott,* for appellee.

IBACH, P. J.—This was an action for trespass on lands. The only errors assigned are in the overruling of appellant's demurrers to the third and fourth paragraphs of appellee's answer. Appellee argues that the complaint is not good, and that if the complaint is not good, it would be error to sustain a demurrer to an answer, even though the answer might be bad. A complaint alleging in the same words exactly the same actionable facts averred in the present complaint was considered by this court in the case of *Cleveland, etc., R. Co.* v. *Doan* (1910), 47 Ind. App. 322, 94 N. E. 598, which was an action brought by the husband of appellant against this same railroad company, appellee, for a similar trespass on lands adjoining the lands upon which trespass is here averred, and was held sufficient against the same objections here urged. Upon the authority of that decision, we hold the present complaint sufficient, and to that case we refer for a further statement of facts.

Appellee was the owner of an easement through the lands of appellant for a railroad right of way in a 99-foot strip of land acquired by condemnation proceedings in 1869, and being engaged in double tracking its road, it purchased by deed from appellant a 75½-foot strip of land adjoining the

99-foot strip.  This action is for damages caused by excavating the 99-foot strip to a greater depth than the roadbed was originally constructed, and greater than shown by the map and profile filed March 7, 1869.  In the third and fourth paragraphs of answer it is alleged that after appellee had filed suit to condemn the 75½-foot strip of land, appellant and appellee compromised and adjusted the matters and things involved in said suit and all damages which the plaintiff might sustain by reason of the seizure of the strip of land and the construction of the defendant's road in the manner in the plaintiff's complaint described.  At the time said compromise and adjustment was made, the plaintiff knew and understood that the defendant was acquiring said 75½-foot strip of land for the purpose of constructing a double track road and lowering the grade of its line on its old right of way, and on said additional strip, knew and understood the manner in which such changes would be made, and knew and understood that the compensation hereinafter mentioned was in full payment to the plaintiff for said strip of land and for all consequential damages which would be caused to the remaining lands of the plaintiff by taking said strip of land and by lowering the grade of the defendant's road and constructing a double track road. Upon making said agreement the plaintiff and her husband executed to the defendant a certain deed, a copy of which was attached to the answer as an exhibit.  Upon the execution of said deed defendant paid to the plaintiff and her husband $3,075, which was paid and received in full payment and satisfaction for the land described in the deed, and in full satisfaction of all the damages to plaintiff and her husband by reason of the construction of the road in the manner alleged in the complaint, and the road was not constructed in any other manner than that described to the plaintiff at the time the deed was executed and the money paid.

The deed is an ordinary warranty deed to the 75½-foot

strip of land adjoining the original right of way, expresses the consideration as $3,075, and contains an agreement by the parties that as a part of the consideration the grantee will protect the land of the grantor from washing by reason of cuts made by the railway company on the real estate conveyed by the deed, and that the grantors may use a certain bridge as a passage way for stock from one part of their lands to another.

There is an exception to the rule that the terms of a written contract may not be varied, enlarged, or contradicted by parol, in that it is competent to show by parol
2. that the consideration of a written contract is in fact different from the one expressed therein, and appellee has tried to invoke such principle here, and urges that it might show that the $3,075 was paid not only for the land conveyed by the deed, but also in compensation for all damages caused by the change in the construction of the railroad.

The well-established rule is that all preceding or contemporaneous verbal agreements between the parties in relation to the subject-matter are merged in a written
3. contract. It appears from the answers that the execution and acceptance of the deed was the carrying out of the agreement between the parties which is relied upon to defeat the claim of appellant. Thus the contract to convey became merged in the deed, and the deed alone must be looked to, to determine the rights of the parties. 2 Devlin, Deeds (3d ed.) §850a; *Carr* v. *Hays* (1886), 110 Ind. 408, 11 N. E. 25; *Beasley* v. *Phillips* (1897), 20 Ind. App. 182, 50 N. E. 388; *Horner* v. *Lowe* (1902), 159 Ind. 406, 64 N. E. 218; *Coleman* v. *Hart* (1865), 25 Ind. 256; *Oiler* v. *Gard* (1864), 23 Ind. 212. The rule insisted upon by appellee is not applicable to the present case. Appellee might have shown that the consideration paid for the land conveyed by the deed was less, or greater than, or different from, that recited in the deed. But the terms of the deed

are conclusive as to what was conveyed thereby, and can not be altered by parol. Its express terms and stipulations, which merged all previous and contemporaneous parol agreements, are final in this respect. The effect of sustaining appellee's contention would not be to explain the true consideration of a contract, but instead to vary by parol a written contract, in order to conform the contract to the consideration paid, and this is contrary to the fundamental principles of the law of contracts.

The third and fourth paragraphs of answer were insufficient, and the demurrers thereto should have been sustained. For this error, the judgment is reversed, and the cause remanded with directions to sustain the demurrers to such paragraphs of answer, and for further proceedings not inconsistent with this opinion.

## On Petition for Rehearing.

Ibach, C. J.—Appellee has filed a brief on petition for rehearing in which it cites authorities from other states to the effect that a deed in lieu of condemnation proceedings gives the railroad company all the rights, interest and protection that it could have obtained by such proceedings, and relieves the company from liability for injuries to land not taken, as well as for land actually taken. Granting this to be the rule, for the purpose of discussion, still it 4. would not make appellee's answers sufficient. The action was not brought for damages occasioned by acts done by the company on land acquired by the deed mentioned, but for damages occasioned by acts done by the company upon a strip of land entirely outside of that embraced in the deeds. A grant of a right of way may relieve a railroad company of liability for incidental injuries to the land not taken, caused by the construction of its tracks and grades on the right of way. But a grant of a strip alongside an old right of way, to be used for additional construction, can not affect any liability on the part of the com-

pany for lowering the grade of the old right of way, and this court in the case of *Cleveland, etc., R. Co.* v. *Doan* (1910), 47 Ind. App. 322, 94 N. E. 598, held the complaint sufficient to show such liability. Petition denied.

NOTE.—Reported in 100 N. E. 95. See, also, under (1) 3 Cyc. 401; (2) 17 Cyc. 648; (3) 17 Cyc. 613; (4) 33 Cyc. 161, 162. As to damages for which compensation must be made in eminent domain proceedings, see 88 Am. Dec. 113; 19 Am. St. 459; 85 Am. St. 291.