John R. SOWERS and Phyllis Sowers,
Plaintiffs-Appellants,

v.

TRI–COUNTY TELEPHONE CO., INC.,
Defendant-Appellee.

No. 12A02–8703–CV–108.

Court of Appeals of Indiana,
First District.

Aug. 26, 1987.

Rehearing Denied Oct. 9, 1987.

James P. Buchanan, Buchanan & Bu-
chanan, Lebanon, for plaintiffs-appellants.

Richard R. McDowell, Keith A. Kinney,
Hill, Fulwider, McDowell, Funk & Mat-
thews, Indianapolis, for defendant-appellee.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

John and Phyllis Sowers appeal a summary judgment granted in favor of Tri-County Telephone. We reverse.

## FACTS

On June 26, 1984, John Sowers and a coworker were trimming trees while working for Covered Bridge Tree Service. Tri-County Telephone Co. (Tri-County) had hired the tree service on an independent contractor basis to trim trees located near Tri-County's telephone lines. While assisting his coworker, Sowers accidentally fell into an abandoned manhole which was approximately five feet deep and two feet wide. Weeds concealed the manhole from view. Sowers suffered personal injuries as a result.

The owners of the property upon which the manhole was located were Halden and Rita Bodkin. When the Bodkins purchased the property in 1954, the manhole was already there. It was located near the north property line at the upper edge of a five or six foot embankment. Although its original purpose and use were unknown, the Bodkins used it to dispose of bricks, field rocks, and other debris.

Tri-County's telephone line was located on the Bodkins' north property line. The telephone line was installed in the late 1950's. A telephone pole is located just four (4) feet from the manhole. Although Tri-County did not have a recorded easement for the lines and poles, it was undisputed that they had a prescriptive easement.

John Sowers filed suit against Tri-County and the Bodkins alleging negligence. Both Tri-County and the Bodkins filed motions for summary judgment. The trial court denied the Bodkins' motion but granted Tri-County's motion. The Sowerses appeal.

## ISSUES

1. Whether a telephone company owes a duty to inspect its prescriptive easement to a business invitee whom it instructs to trim trees which are too close to its telephone lines.

2. Whether there is a material issue of fact as to whether the abandoned manhole is located within the prescriptive easement.

## DISCUSSION AND DECISION

On appeal, the standard of review applicable in a summary judgment is the same one used by the trial court. A motion for summary judgment may be sustained only where the pleadings and other matters filed with the court reveal no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C); *Kidd v. Davis* (1985), Ind.App., 485 N.E.2d 156; *English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, *trans. denied.* In determining whether a genuine issue of material fact exists, the facts set forth by the opponent must be taken as true, and all doubts are resolved against the proponent of the motion. *First Federal Savings and Loan Ass'n v. Arena* (1980), Ind.App., 406 N.E.2d 1279, 1281.

*Issues One and Two*

Tri-County alleges that it owed no duty to Sowers concerning the manhole. It bases its claim upon several alternative grounds, including that the manhole was on the Bodkin property, that it was not a physical part of their easement, that Tri-County did not build or use the manhole, and that it was unnecessary for the use or maintenance of their lines and poles. However, we hold that Tri-County owed a duty to inspect to any business invitees it invited to trim trees.

All parties agree that Tri-County had a prescriptive easement by satisfying all the conditions of Indiana Code section 32–5–1–1. The scope of a prescriptive easement is defined by its use. *E.g., Hoffman v. Zollman* (1912), 49 Ind.App. 664, 97 N.E. 1015. From this concept, Tri-County argues that it owed no duty to Sowers since its easement included only the telephone pole and lines. However, Tri-County concedes, as it must, that it had a duty to maintain and repair its lines and poles since it possessed the dominant tenement. *Lynch v. Keck* (1970), 147 Ind.App. 570,

581–82, 263 N.E.2d 176, 183; 25 Am.Jur.2d *Easements and Licenses* § 85 (1966); 28 C.J.S. *Easements* § 94 (1941). As an incident to its easement, Tri-County, as the dominant estate owner, had the right to enter the servient estate to repair and maintain the facilities of its easement. *Moore v. Indiana and Michigan Electric Co.* (1950), 229 Ind. 309, 314, 95 N.E.2d 210, 212; *see also* 25 Am.Jur.2d *Easements and Licenses* § 86 (1966) ("In order that the owner of an easement may perform the duty of keeping it in repair, he has the right to enter the servient estate at all reasonable times to effect the necessary repairs and maintenance.... Such right is an incident of the easement...."). Thus, regardless of the merits of Tri-County's argument that their prescriptive easement only included the poles and lines, there is no question that they had the right to enter the Bodkin property to maintain its easement by cutting tree limbs away from the lines.

 Tri-County's right to enter the servient estate to accomplish its duty of repair and maintenance coupled with the standard of care owed to a business invitee compels us to conclude that Tri-County owed a duty to John Sowers. In Indiana, the duty of reasonable care owed by a host to a business invitee includes the obligation to render the premises reasonably safe. *Evansville and Terre Haute Railroad Co. v. Griffin* (1884), 100 Ind. 221, 223; *Ralls v. Noble Roman's Inc.* (1986), Ind.App., 491 N.E.2d 205, 208, *trans. denied; Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 407, 379 N.E.2d 1004, 1007, *trans. dismissed; Meadowlark Farms, Inc. v. Warken* (1978), 176 Ind.App. 437, 443, 376 N.E.2d 122, 128. This obligation includes the exercise of reasonable care to discover possibly dangerous conditions and take reasonable precautions to protect the invitee. *Ralls,* at 208; *Hobby Shops, Inc. v. Drudy* (1974), 161 Ind.App. 699, 707, 317 N.E.2d 473, 478; *see also Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821; Restatement (Second) of Torts § 343 (1965). Furthermore, business invitees include independent contractors and their employees. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54; *Louisville Cement Co.*

*v. Mumaw* (1983), Ind.App., 448 N.E.2d 1219, 1221; *Plan-Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212, 1219. In the present case, Tri-County had the right to enter the Bodkin property to remove tree limbs. When Tri-County hired the Covered Bridge Tree Service to cut the limbs, Covered Bridge and its employees became Tri-County's business invitees. This is true even though Tri-County possessed only the easement. We find no merit to Tri-County's argument that the business invitee rule should not apply to the owner of an easement. Since Tri-County had the right to enter the property for repairs and maintenance of its lines and poles, Covered Bridge and John Sowers were business invitees at the behest of Tri-County.

Our conclusion is not changed by Tri-County's argument that the business invitee rule should not apply because Tri-County did not have control of the premises. We agree that the rationale surrounding the business invitee rule is that the owner or occupier has superior knowledge of the potential dangers or has control of the premises. *E.g., Plan-Tec,* at 1219. However, contrary to Tri-County's claim, the question is not whether the Bodkins versus Tri-County had superior knowledge or control. In this appeal, we are not concerned with the liability of the Bodkins. Rather, the proper query is whether, as between Tri-County and Covered Bridge's employees, who had the superior knowledge or control? Unquestionably, any rights of Covered Bridge to enter the premises were derivative of Tri-County's rights. Also, the telephone poles were placed upon the Bodkin property after the manhole's existence. Therefore, since the manhole was only four (4) feet from a pole, the workers who put in the poles had to have known of the manhole's existence. Thus, the rationale of the business invitee rule is applicable despite the Bodkins' ownership of the fee.

Throughout its brief, Tri-County alleges that the manhole was not located within their prescriptive easement. Regardless of this claim, Tri-County did have the right to enter the Bodkin property to repair and maintain its poles and lines. We hold that the duty which Tri-County owed to John

Sowers was to render safe the area of land reasonably necessary to accomplish the task of removing tree limbs.[2] Tri-County instructed Covered Bridge Tree Service to remove trees and branches five (5) feet from their telephone lines. The manhole was four (4) feet away from one of the telephone poles. Thus, it is a question of fact as to whether the manhole was within the area which Tri-County should have reasonably expected Covered Bridge's employees to walk upon while accomplishing their task. If the manhole was on such property, then Tri-County breached its duty to business invitees by not inspecting that area and warning of the uncovered manhole.[3] While ordinarily the question of whether the duty owed to an invitee has been satisfied is a question of fact for the jury, *Hobby Shops*, 161 Ind.App. at 707, 317 N.E.2d at 478, Tri-County, in its answers to interrogatories, admitted that it took no precautionary measures prior to Sowers entering the property. Thus, as a matter of law, Tri-County breached its duty to Sowers, if the manhole was on the area reasonably required to trim trees. If the manhole was not within that area, Tri-County owed no duty to Sowers. Since there is a material question of fact, the trial court erred in granting summary judgment.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

ROBERTSON, J., concurs.

NEAL, J., dissents with separate opinion.

NEAL, Judge, dissenting.

It is well settled that the owner of a servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement and the owner of the dominant estate cannot interfere with the use. *Holding v. Indiana & Michigan Electric Company* (1980), Ind.App., 400 N.E.2d 1154. Thus, it was beyond the power of Tri-County to control the property or to intercede in the use of the land regarding the hole because the hole did not interfere with Tri-County's use of its easement. The majority opinion imposes upon the utility the impossible burden of discovering every rut or hole existing on other peoples' property, over which it has no control, for the owner's own convenience or whim, in which someone may step, and supervise his every move. Such a rule is neither practical nor workable.

I would affirm the trial court's summary judgment.

**2.** In addressing the dissent's concerns, we are not hereby imposing a duty upon all utilities to monitor constantly the conditions of their easements. Furthermore, we do not imply that utilities have an obligation to repair defects upon another's property. Our holding is limited to the situation where a dominant easement owner requests a business invitee to enter the easement for the dominant owner's benefit. Furthermore, we agree with the law as stated in *Holding v. Indiana and Michigan Electric Co.* (1980), Ind.App., 400 N.E.2d 1154, upon which the dissent relies. However, *Holding* is inapplicable to the facts of this unique case.

**3.** Normally, after discovering a latent or concealed defect in the property, the owner or occupant can satisfy his duty to an invitee by either correcting the condition or warning the invitee of its existence. *Louisville Cement*, at 1221. Here, since the manhole was neither installed by Tri-County nor a facility of their easement, Tri-County did not have a duty to cover or fill the manhole.