# LOUISVILLE, HENDERSON & ST. LOUIS RAILWAY COMPANY *v.* LINTON.

### [No. 6,700. Filed May 25, 1909.]

1. EVIDENCE.—*Railroad Ticket.—Over What Road.—Negligence.*— In an action by a passenger against the operating railroad company for damages caused by the negligence of its servants, evidence that the ticket used by plaintiff thereon entitled him to ride also upon the cars of the track owning railroad company is not admissible, even though accompanied by evidence of a verbal agreement between such companies that all fares collected by the operating company at the point where plaintiff took passage should belong to such track owning company. p. 711.

2. RAILROADS.— *Duties.— Relief from.— Contracts.*— An operating railroad company cannot, by contract with the track owning railroad company, relieve itself from its duties as a carrier. p. 712.

3. JUDGMENT.— *Res Judicata.— Parties.—Railroads.—Operating.— Track Owning.*—In an action by a passenger against an operating railroad company for personal injuries caused by the negligence of its servants, such company cannot defend by showing that the plaintiff had theretofore brought an action for such injuries against the track owning railroad company, and judgment had been rendered against him, even though such companies had a verbal contract by which all fares received from passengers boarding the train at the station where plaintiff did, should belong to the track owning company. p. 712.

4. ESTOPPEL.—*Essentials.—Judgment.*—A judgment, to constitute an estoppel, must have been between the same parties, or their privies, the issues must have been the same, the parties must have sued or defended in the same right, and the judgment must have been on the merits. p. 714.

5. ACTION.—*Gist of.—Railroads.—Negligence.*—The gist of an action against a railroad company for damages for personal injuries, is the company's negligence, and not the injury caused. p. 714.

6. RAILROADS.—*Liability of Track Owning Company.*—A track owning railroad company is liable for injuries received by reason of defects in the track. p. 716.

From Superior Court of Vanderburgh County; *Alexander Gilchrist*, Judge.

Action by Joseph Linton against the Louisville, Henderson

& St. Louis Railway Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor, James P. Helm, R. A. Miller* and *E. H. Iglehart,* for appellant.

*James T. Walker, J. L. Dorsey* and *A. O. Stanley,* for appellee.

RABB, J.—Appellee brought an action against appellant to recover damages for personal injuries alleged to have been received by him while a passenger on one of appellant's cars. Appellant filed an answer in three paragraphs. A reply was filed to the second and third paragraphs of answer, cause submitted to a jury for trial, and verdict returned in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

The only error assigned in this court and discussed in appellant's brief is the action of the court in overruling appellant's motion for a new trial, and the reasons assigned for a new trial and pressed here as grounds for reversal are the action of the court in sustaining appellee's objections to certain questions propounded by appellant to its witnesses.

Appellee's complaint alleged that appellant was engaged in running and operating a railroad as a common carrier of passengers between the cities of Henderson, Kentucky, and Evansville, Indiana; that, on a certain date named, he purchased a ticket from the defendant's agent, which entitled him to passage upon defendant's railroad from the city of Henderson, Kentucky, to the town of Aurora, Illinois; that he thereupon entered a passenger-car of the defendant, as a passenger; that during the passage of the train upon which he was riding from Henderson to Evansville the train stopped at a way station; that while it was so stopped he attempted to pass from one coach in the train to another; that, while he was so passing between the cars of the train, the train was, by the servants and agents of the defendant operating the same, negligently started with a sudden jerk, with

such force and violence that he was thrown backward, and that, before he was able to recover himself, said servants of the company in charge of its train negligently and carelessly moved the cars by a succession of violent jerks and jolts, so that he was unable to regain his foothold, and was thrown from the car and injured, for which he sought a recovery.

There are two grounds upon which appellant claims that it was entitled to a new trial of the cause in the court below, and to a reversal here: First, it appears from the evidence that the appellant owns a line of railroad between Louisville and Henderson, Kentucky, and that the Louisville & Nashville Railroad Company owns a line of railroad between Henderson and Evansville, Indiana, and that a verbal contract existed between the two companies, by which the trains of appellant were permitted to run over the tracks of the Louisville & Nashville Railroad Company from Henderson to Evansville, carrying its passengers for Evansville from points east of Henderson, and also carrying on its trains the Louisville & Nashville Railroad Company's passengers from Henderson to Evansville; that the appellant's trains running over the Louisville & Nashville Railroad Company's tracks between said points remained in charge of appellant's employes, but the movements of the trains were directed by the Louisville & Nashville Railroad Company. Appellant offered to prove by appellee that the ticket upon which he was riding at the time he was injured entitled him to travel over the Louisville & Nashville railroad. Appellee's objection to this evidence was sustained by the court. Appellant also offered to prove that all tickets and fares taken by its conductors for passengers on its train between Henderson and Evansville, by the agreement between the two companies, belonged to the Louisville & Nashville Railroad Company, and were turned over by appellant's conductors to said company. Appellee objected to this evidence, and his objection was sustained.

Appellant contends that these facts, if established by the

evidence, would exonerate it from liability for the injury complained of, on the ground that appellee was not at the time of his injury appellant's passenger, and that the train upon which he was riding, so far as appellee was concerned, was the train of the Louisville & Nashville Railroad Company, and that said company alone was responsible for the negligence of those operating the same.

We cannot adopt this view. If all the facts sought to be established by the rejected evidence are conceded, the most that could be said in favor of appellant would be that

2. the Louisville & Nashville Railroad Company, as well as the appellant, was liable to appellee for the injury complained of. The fact that the appellant was, by its contract with the Louisville & Nashville Railroad Company, bound to carry the latter's passengers on its trains from Henderson to Evansville—and this is the substance of what the appellant was offering to prove—would in nowise change the relation of the appellant to the persons received on its trains under such agreement, and its duties and obligations as a common carrier toward them, from what it would be if appellant received the fares they paid for their passage. *St. Joseph, etc., R. Co.* v. *St. Louis, etc., R. Co.* (1896), 135 Mo. 173, 36 S. W. 602, 33 L. R. A. 607; *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 5 L. R. A. (N. S.) 425; 3 Thompson, Negligence (2d ed.), §§3380-3382.

The second ground presented, and the one most earnestly urged upon our consideration, is predicated upon the refusal of the court to admit in evidence the record of

3. the proceedings and judgment of the Henderson Circuit Court, of Henderson county, Kentucky, in a case tried therein, in which appellee was plaintiff and the Louisville & Nashville Railroad Company was defendant, said record being offered in connection with the other evidence offered by appellant, heretofore referred to, and rejected by the court. It is appellant's theory that the fact that the operating agreement between the two railroads, by virtue of

which the appellant was permitted to run its through trains from Louisville, over the Louisville & Nashville Railroad Company's tracks, from Henderson to Evansville, and was in turn obligated to carry the Louisville & Nashville Railroad Company's passengers from Henderson to Evansville on its trains, created between the two companies such a privity in duty and liability to passengers on such trains, as rendered a judgment against either company, or a successful defense made in an action by such passenger against either company, for an injury resulting from a violation of the duties owing by the carrier to such passenger, a bar to a suit by such passenger against the other for the same injury; that this proffered evidence would show that the appellant was primarily liable to the appellee for the injury sued for; that the Louisville & Nashville Railroad Company was also liable for the same injury; that, as between appellee and the Louisville & Nashville Railroad Company, the appellant was secondarily liable for such injury; that the injury sued for in appellee's case against the Louisville & Nashville Railroad Company was the same injury sued for here; that in case a recovery had been had by appellee against the Louisville & Nashville Railroad Company for the injury complained of, that company would have recourse upon appellant to recover from it what the Louisville & Nashville Railroad Company had been compelled to pay appellee on account thereof; that unless such recovery was a bar to this action, appellant might be vexed twice for the same wrong, and that the successful defense by the Louisville & Nashville company had precisely the same legal effect as though the result had been the other way.

Numerous authorities are cited in support of appellant's contention, but we are not assured of their application to the case made. Let it be conceded that the rejected evidence would show the relations between the two railroad companies precisely as the appellant contends they were, and that, therefore, the privity of duty and liability to the Louisville

& Nashville Railroad Company's passengers riding on appellant's trains between Henderson and Evansville, as appellant insists would be shown if the court had admitted the evidence tendered, still it does not follow, because all this is true, that the judgment in favor of the Louisville & Nashville Railroad Company against the appellee, in his suit in the Henderson Circuit Court, to recover damages for the same injury here sued for, operates as an estoppel upon the appellee's maintaining this suit against appellant.    It is elementary

4.    that a judgment in order to constitute an estoppel must have been between the same parties, or their privies; the issue must have been the same; the parties must have sued or defended in the same right, and the judgment must have been on the merits, and mutually binding.    *Kitts* v. *Willson* (1894), 140 Ind. 604; *Smith* v. *Smith* (1905), 35 Ind. App. 610, and authorities cited.

In this case, while it is true that the appellee sues to recover damages for an injury—and he must aver and prove an injury in order to make his case—it being one of

5.    the essential elements of his cause of action, yet the gist of his action against the appellant—those averments of fact in his complaint which fasten liability on the appellant—is not the averment of the injury, but that the injury complained of was caused by the negligence of the appellant, or those whose negligence is imputed to it, the engineer in charge of its locomotive.    That is the issue presented by appellee's complaint in this case.    The appellee's complaint against the Louisville & Nashville Railroad Company, as it appears in the record offered by appellant in evidence, alleges that the appellee, while a passenger on the Louisville & Nashville Railroad Company's train, was, through the negligence of its agents and employes in operating the same, thrown therefrom and injured.    Such record further shows that the case was put at issue by a general denial, and an affirmative plea charging contributory negligence upon the part of appellee; that after the evidence was heard, the

court gave the jury a peremptory instruction to return a verdict in favor of defendant. The evidence given in that case is not included in the record offered in evidence. There is nothing anywhere in the record tendered in evidence to indicate that the relation between the appellant and the Louisville & Nashville Railroad Company was in anywise involved in that action, or that the appellee predicated his action against the Louisville & Nashville Railroad Company upon any negligence of the appellant or its servants; nor is it pretended that the appellee at that time knew of any such relation, or undertook to prove to make out his case against the Louisville & Nashville Railroad Company, that there was any such contract existing between the two roads as created the privity which appellant here insists did, in fact, exist. Here, the appellant is insisting, as a bar to appellee's action against it, upon a judgment rendered in favor of a third person in a proceeding to which it was not a party, and in which the complaint averred no cause of action against it, and by which judgment it was clearly in nowise bound, and would not have been bound had the judgment been rendered in favor of the appellee, solely on the ground that by virtue of a verbal contract between appellant and the party in whose favor the judgment was rendered, and to which contract the appellee was not a party, and of the existence of which he was not presumed to know, a privity in liability for the injury sued for existed, and that the appellee here might, by proving this private contract between these two corporations, of which he had no means of knowing, have established the liability of the Louisville & Nashville Railroad Company.

The very facts upon which appellee's action against the appellant is founded, to wit, that he was a passenger on the appellant's train, and not a train of the Louisville & Nashville Railroad Company, was injured by the negligence of appellant's servants, and not those of the Louisville & Nashville Railroad Company, may have been, and probably were,

the grounds upon which a verdict and judgment were rendered against him in his action against the Louisville & Nashville Railroad Company. In considering this question, we are bound to assume that the appellee knew that the ticket he was using entitled him to a ride over the Louisville & Nashville railroad, and we may assume that the appellee knew that the Louisville & Nashville Railroad Company owned the track over which the train was run, but his knowledge of these facts did not charge him with knowledge of the contract between the two companies, nor did the fact that the appellant received the appellee as a passenger on its train charge the Louisville & Nashville Railroad Company with any duty or liability to the appellee on account of any injury that he would receive, while riding upon such train, through the negligence of appellant's servants operating the same, but for the private contract between the two companies. And when the appellee sued the Louisville & Nashville company, charging it with liability for his injury, and it appeared that it was the appellant's train, and not the Louisville & Nashville Railroad Company's train, as alleged in his complaint, on which he was riding when injured, and that it was appellant's servants, and not those of the Louisville & Nashville Railroad Company, whose negligence caused his injury, the Louisville & Nashville Railroad Company could well claim that it was not liable, unless the appellee were able to produce this private contract, by the terms of which the appellant company was under an obligation to carry the Louisville & Nashville Railroad Company's passengers. If the appellant had the mere permission to run its trains over the tracks of the Louisville & Nashville

6. Railroad Company, the latter company would not be liable for injury to appellant's passengers, unless such injury resulted from some negligence of the Louisville & Nashville Railroad Company in failing to perform its duty in properly maintaining the track. No question of this kind arises here, and since it is not claimed or pretended that the

facts out of which the privity of duty and liability existing between the appellant and the Louisville & Nashville Railroad Company were in any manner litigated in the judgment offered in evidence, that judgment could not be a bar to the appellee's action. We think no reversible error is shown in the record.

The judgment of the court below is in all things affirmed.