## STEELE v. SPAUNHURST ET AL.

[No. 7,673.    Filed June 4, 1912.]

1. . TRIAL.—*Instructions.*—*Objection Cured by Other Instructions.* —Where, in an action to recover damages for malpractice, the court in one of its instructions called the attention of the jury to the inquiry, whether, under the evidence, defendants were negligent in failing to anticipate and provide against the occurrence which caused the injury, the impropriety, if any, in the giving of such instruction was cured by the further instruction that the court did not intend to indicate any opinion as to the facts in the case or that he had any opinion as to what facts were proved or disproved by the evidence.    p. 565.

2. TRIAL.— *Instructions.*— *Consideration.*— The instructions given in a case are to be considered as a whole.    p. 565.

3. APPEAL.—*Joint Objection to Instructions.*—*Effect.*—To make a joint objection to instructions available, it must appear that all the instructions named are incorrect.    p. 565.

4. APPEAL.—*Joint Objection to Instructions.*—*Waiver.*—Where the giving of a number of instructions was jointly assigned as cause for a new trial, the failure to point out an objection to one of such instructions on appeal is a waiver of any objection to the instructions included in the assignment.    p. 566.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Emma C. Steele against John F. Spaunhurst and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Hiram L. Thomas, Jonas P. Walker* and *Arthur C. Van Duyn,* for appellant.

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellees.

FELT, J.—Appellant brought this action against appellees, to recover damages for alleged malpractice. The cause was tried by a jury which returned a verdict in favor of appellees. Appellant's motion for a new trial was overruled, and the alleged error in such ruling is the only question presented by this appeal.

Appellant insists that the trial court erred in giving each of instructions three, four and five tendered by appellees. The only specific objection urged to the instructions is that the court invaded the province of the jury in instruction four, and gave the jury to understand that appellant's alleged injuries were due to an accident.

The instruction simply called the attention of the jury to the inquiry, whether, under the evidence, "the defendants were negligent in failing to anticipate and provide against the occurrence," and did not purport to be the basis of any finding or conclusion. This instruction was perhaps unnecessary to a proper presentation of the case to the jury, but it was not harmful to appellant, for in instruction thirteen the jury were expressly told that "The court does not intend to indicate to you any opinion as to the facts in this case or that he has any opinion as to what facts are proven or disproven by the evidence."

Instructions are to be considered as a whole and not in detached parts, and when so considered those given in this case are as favorable to appellant as the law will warrant. Furthermore, the objection to the several instructions is joint, viz., "the court erred in giving instructions numbered one, two, three, four and five, asked and requested by the defendants." To make this a good assignment of error, it must appear that

all the instructions named are incorrect. Appellant raises no objection to either instruction one or two, and thus waives any objection to the instructions included in said cause for a new trial. *Cincinnati, etc., R. Co.* v. *Gregor* (1898), 150 Ind. 625, 50 N. E. 760; *Cargar* v. *Fee* (1895), 140 Ind. 572, 39 N. E. 93; *Chicago Furniture Co.* v. *Cronk* (1905), 35 Ind. App. 591, 74 N. E. 627.

No error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 733. See, also, under (1) 38 Cyc. 1782; (2) 38 Cyc. 1778; (3) 38 Cyc. 1800; (4) 2 Cyc. 992. As to the invasion by the court of the province of the jury, see 14 Am. St. 36.