## SETTLERS' IRRIGATION DISTRICT, Respondent, v. A. R. CRUZEN INVESTMENT COMPANY, a Corporation, Appellant.

[254 Pac. 1052.]

WATERS AND WATERCOURSES—FLUME—EASEMENT TO DISCHARGE WATER
—DUTY TO KEEP FLUME IN REPAIR.

Where, through defendant's land, which was adjacent to plaintiff's canal, and a short distance from and parallel with the canal, the county, without condemnation, built a road, and under it constructed a culvert, and on defendant's land built a wooden flume connecting with the culvert and extending to the canal, and defendant, who had had a right to discharge waste water into the canal through a natural surface channel which was cut off by the road, abandoned such right, and acquiesced in the change, and acquired an easement to discharge such waters from its land into the canal through the culvert and flume, defendant was under duty to plaintiff to keep the flume in repair whatever might be the duty in that respect as between defendant and the county.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. M. I. Church, Judge.

Action for damages. Judgment for plaintiff. *Modified and affirmed.*

**J. B. Eldridge**, for Appellant.

On the question of the elements entering into the term "duty," as a basis for action of negligence, appellant relies upon the rule announced in *Lamb v. Licey,* 16 Ida. 664, 102 Pac. 378; *Potlatch Lumber Co. v. Board of Commrs. of Latah Co.,* 29 Ida. 399, 160 Pac. 256; C. S., secs. 1303, 1307, 1312 (as amended by Laws of 1921, p. 354), 5657, 5658; *Twin Falls v. Harlan,* 27 Ida. 769, 151 Pac. 1191; *Kiefer v. County of Ramsay,* 140 Minn. 143, 167 N. W. 362; *Last*

Publisher's Note.
See Waters, 40 Cyc., p. 829, n. 97 New.

*Chance Ditch Co. v. Sawyer,* 35 Ida. 61, 204 Pac. 654; *Beasley v. Engstrom,* 31 Ida. 14, 168 Pac. 1145; *Shaw v. Town of Sebastopol,* 159 Cal. 623, 115 Pac. 213; *Southern Pac. Co. v. Hyatt,* 132 Cal. 240, 64 Pac..272, 54 L. R. A. 522; *People v. Gold Run Ditch & Mining Co.,* 66 Cal. 138, 56 Am. Rep. 80, 4 Pac. 1152; *Ex parte Taylor,* 87 Cal. 91, 25 Pac. 258; *Board of Education v. Martin,* 92 Cal. 209, 28 Pac. 799; *Ames v. City of San Diego,* 101 Cal. 390, 35 Pac. 1005; *Bowen v. Wendt,* 103 Cal. 236, 37 Pac. 149; *Town of Cloverdale v. Smith,* 128 Cal. 230, 60 Pac. 851; *Kern Island Irr. Co. v. City of Bakersfield,* 151 Cal. 403, 90 Pac. 1052; *Black v. O'Hara,* 54 Conn. 17, 5 Atl. 598; *Quincy v. Jones,* 76 Ill. 231, 20 Am. Rep. 243; *Providence etc. Steamboat Co. v. Fall River,* 187 Mass. 45, 72 N. E. 338; *Wheeler v. Clark,* 58 N. Y. 267.

Barber & Barber, for Respondent.

It is the duty of the owner of an easement to so keep up and maintain the means of its enjoyment as to protect the servient estate. (*City of Bellevue v. Daly,* 14 Ida. 545, 125 Am. St. 179, 14 Ann. Cas. 1136, 94 Pac. 1036, 15 L. R. A., N. S., 992; *Crease v. Jarrell,* 65 Cal. App. 554, 224 Pac. 762; *Kepler v. Border,* 179 Iowa, 318, 161 N. W. 302.)

If the owner of an easement or dominant tenement fails to keep it in repair, and this results in injury to the servient estate, the owner of the easement is liable in damages for the injury so caused. (*Murtha v. O'Heron,* 178 Ill. App. 347; *Fritcher v. Anthony,* 20 Hun (N. Y.), 495; *Big Goose etc. Co. v. Morrow,* 8 Wyo. 537, 80 Am. St. 955, 59 Pac. 159; *Richardson v. Kier,* 34 Cal. 63, 91 Am. Dec. 681; Jones on Easements, 821; *McMillan v. Cronin,* 75 N. Y. 474.)

The ditch having been there first "the highway was subject to the right of plaintiff (appellant here) to use this small ditch as a conduit for the water." (*Kern Island Irr. Co. v. City of Bakersfield,* 151 Cal. 403, 90 Pac. 1052.)

The owner of an easement cannot, by his neglect, let the means of utilizing it become defective, and in consequence

43 Idaho—47

738   SETTLERS' IRR. DIST. v. A. R. CRUZEN INV. CO.   [43 Idaho.

Opinion of the Court—Taylor, J.

thereof impose a heavier or different burden upon the servient tenement. (1 Reeves on Real Property, 249; Jones on Easements, 200, 201; *Draper v. Vernerin,* 220 Mass. 67, 107 N. E. 350.)

When appellant has dumped no water into the canal for twenty years save through the flume, that is the only right it has. It has been used by appellant since it was altered for such length of time as to show an acquiescence in the alteration. (*Wynkoop v. Burger,* 12 Johns. (N. Y.) 222; *Winslow v. Vallejo,* 7 Ann. Cas. 853, note.)

This court has decided that there could be no liability as against the county. (*Davis v. Ada County,* 5 Ida. 126, 95 Am. St. 166, 47 Pac. 93; *Youmans v. Thornton,* 31 Ida. 10, 168 Pac. 1141.)

It is the duty of the owner or user of an easement to care for the instrumentalities of the easement. (*Oney v. West Buena Vista Land Co.,* 104 Va. 580, 113 Am. St. 1066, 52 S. E. 343, 2 L. R. A., N. S., 832.)

The user cannot enlarge the duties of the servient estate, as bounded by the use he has made of the utility, and this is true whether he obtained by grant, by contract or by prescription. (*North Fork Water Co. v. Edwards,* 121 Cal. 662, 54 Pac. 69; *Joseph v. Ager,* 108 Cal. 517, 41 Pac. 422; *Allen v. San Jose Land & Water Co.,* 92 Cal. 138, 28 Pac. 215, 15 L. R. A. 93; *Felsenthal v. Warring,* 40 Cal. App. 119, 180 Pac. 67.)

Bothwell & Chapman, *Amici Curiae.*

TAYLOR, J.—This action was brought to recover damages alleged suffered by plaintiff, the owner of an irrigation canal, by reason of the washing of gravel therein by waste waters from defendant's land, and the necessary expense of restoring a flume through which defendant claimed the right, as an easement, to discharge such waste waters into the canal.

It was stipulated that plaintiff "expended for cleaning out the canal of the district, and labor, $85; the cost of the

material reinstalling flume, $137.35; and to install the flume, and labor, $16, making a total of $238.35."

Thus, the immediate damage by reason of the gravel washing into the canal, the cost of cleaning it out, was $85.

The court found that the defendant owned lands "on the southerly side of and adjacent to said canal." The facts are that until about the year 1902, the defendant had irrigated these lands, and the waters from natural drainage and irrigation had flowed through a natural depression into the canal. In the year 1902, Ada county, without condemnation and at sufferance of the defendant, built a road through the northern portion of defendant's land, but not upon the immediate north edge thereof, leaving a strip of defendant's lands between the road and the canal; that the county placed under the road a culvert to carry across the road the waste waters from defendant's upper lands to defendant's lower lands, on the north side of the road, and the county then constructed a wooden flume from a point in the road to a point upon defendant's lands, where the waters from this flume spilled without damage upon rocks and debris, where they caused no washing down of gravel, and below this another section of wooden flume to again collect these waters, this flume leading to where the water emptied into the canal.

In the year 1914 the county, still without any condemnation of the land for the highway, or of defendant's easement, raised the level of this roadway, and put in a culvert under the roadway, connecting at a point upon the highway with the first section of this wooden flume, and from then on until 1921, the year of the damage complained of, defendant continued to waste its waters across the road through this culvert and these two sections of wooden flume.

There is some evidence that the sections of wooden flume fell into disrepair to the knowledge of defendant, and that defendant and its employees in charge of irrigation on the lands were notified thereof; however, this evidence was insufficient to charge the defendant with the duty to repair before this damage. The immediate cause of the damage

arose by reason of waters breaking out at a point upon the highway where the culvert joined this wooden flume. These waste waters washed out both sections of the wooden flume and precipitated into the canal a large quantity of gravel, the immediate damage from which was the cost of its removal, $85.

The defendant appeals from a judgment holding it liable for the immediate damage and the cost of restoring the flume so that the waters would discharge into the canal through a flume as they had theretofore discharged. After the washout, the plaintiff demanded of defendant that it restore the flume through which the waters had theretofore discharged into the canal. The evidence establishes that this restoration was necessary in order that the waters would discharge therein as they had theretofore discharged, and to avoid further damage to the canal. Defendant refused to do this, and the canal company restored the flume at a cost of $137.35 for material, and $16 for labor. Defendant, in its answer, pleads as a special affirmative defense, first, an easement to permit its waste waters to flow over the natural surface; second, an easement to permit its waters to flow through the wooden flume constructed by the county and plaintiff, upon the ground that the washing out of this flume was due to the fault of the county, and not that of the defendant, and that the defendant is thereby absolved from liability for the damage or to restore the flume.

When the county constructed the first road without condemnation of the easement of defendant to permit waters to waste over the natural surface, there rested upon the county the duty to provide for the waste waters being conducted across the road. If not then under statute, at least under later provisions of statute, this duty rested upon the county. Bearing in mind that the defendant owned lands upon the lower side of the road, and that the discharge of defendant's waste water into plaintiff's canal was from a point upon defendant's land on the lower side of the road, the placing by the county of flumes upon defendant's land outside of and below the road through which defendant's waste

water was discharged into plaintiff's canal, and by means of which defendant claims to have acquired an easement to so discharge them, whether imposing upon the county, as between it and defendant, a duty to maintain such flume, which point is unnecessary for the determination of this case, did not, as between the plaintiff and defendant, relieve defendant from maintaining the instrumentalities in the condition and state of repair in which defendant claims to have acquired an easement for the discharge of these waters. It is unnecessary to cite authority that a dominant estate may not change the method or manner of its enjoyment, of a servitude imposed upon the servient estate.

Even though defendant claimed a right to discharge its waste waters through a natural channel and on the surface of the ground, this right, if any, was abandoned when to discharge these waters, a wooden flume was constructed, its construction acquiesced in by defendant, and the use thereof continued for such time as to acquire an easement, if any, to discharge the waters in this manner and in none other. This right was not in any way dependent upon what the county did in putting in or altering a highway over the watercourse or drainage ditch of defendant at a point set back and removed from the point of discharge.

The defendant still had the right, because not taken from it by condemnation, agreement or otherwise, even to go upon the highway and there make such alterations or repairs as would provide for the continuance of his easement to flow waters across the road, or to look to or compel the county to do so. But having accepted the instrumentalities, the flume, which had been constructed by the county off of the highway and on its own lands, from which the water discharged into the canal, and having acquiesced therein, and claiming an easement to discharge its waters through this flume, it cannot absolve itself from the liability to repair or restore it, or, after demand and refusal so to do, to pay for the necessary cost of such repair or restoration, when made by the owner of the servient estate, the plaintiff, upon any claim that the flume was washed out by fault of the county,

and claim a right to continue to permit its waters to discharge freely in a manner otherwise than through the flume because of the fault of the county.

While the defendant is not established by the evidence to have been liable for the immediate damage caused by the gravel washing down, it was liable for the cost of restoring the flume to its original effective condition necessary to continue to discharge waters into the canal. These various items of cost having been specifically stipulated, the judgment should be modified by striking therefrom the item of $85 for the immediate damage, and affirmed in the sum of $153.35 principal, being the cost of reinstalling the flume, and it is so ordered. No costs awarded.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.