## LOY *v.* HURST ET AL.

[No. 30,085. Filed May 16, 1962.]

*Edward D. Lewis,* of Plainfield, *John A. Kendall, Stevenson, Kendall & Stevenson,* of Danville, *John P. Price, Robert Hollowell* and *Hollowell, Hamill & Price,* of counsel, all of Indianapolis, for appellant.

*Ryan & Lind,* and *Frank R. Ryan,* of Danville, for appellees.

LANDIS, J.—This is an appeal from an interlocutory order appointing a receiver.

On March 29, 1961, appellee, Lawrence Hurst, filed a complaint against appellant, Wendell D. Loy, as sole defendant for the dissolution of an alleged partnership and the appointment of a receiver. Notice of application for appointment of a receiver was served on appellant on said date.

On April 1, 1961, appellee Hurst, by leave of court, filed a second paragraph of complaint making the Loy Ready Mix Concrete, Inc., an additional defendant and praying also for the appointment of receiver, etc.

A summons was issued for service on appellee, Loy Ready Mix Concrete, Inc., returnable four days later, to-wit on April 5, 1961, and served on appellee Lawrence Hurst, resident agent, who on April 5 entered an appearance for said corporation and waived service of process and notice of hearing on appointment of receiver. The second paragraph of complaint, however, need not concern us here as the transcript and briefs of both parties concede the hearing was had in the court below solely on the first paragraph of complaint.

On April 5, the hearing was held relative to the appointment of a receiver under the first paragraph of complaint only, the court's record in this respect showing:

> "*Matter now proceeds under first paragraph of complaint on the hearing for appointment of receiver.* Evidence is heard but not concluded, and plaintiff not [sic] [now] having rested, orally moves for leave to amend complaint by interlineation. Coming on time for adjournment, trial of cause is continued to tomorrow morning." (Emphasis supplied.)

On April 6, 1961, and at the close of the evidence of plaintiff-appellee Hurst, said plaintiff-appellee filed motion to amend his first paragraph of complaint by interlineation, so as to change *inter alia* the word "partnership" in three places where it appeared in said first paragraph, to the word "business." The motion was sustained.

The court found that the appellee Hurst and the appellant Loy were the sole stockholders of said corporation, that there existed irreconcilable differences between them and that a temporary receiver should be appointed to conserve the assets and manage the business of Loy Ready Mix Concrete, Inc. The court thereupon appointed appellee Tharp as temporary receiver of the business known as Loy Ready Mix Concrete, Inc.

While the language of the finding and interlocutory order is somewhat ambiguous, it is apparent to us that the court has appointed a receiver of the business of a corporation known as Loy Ready Mix Concrete, Inc., under a complaint filed by one stockholder (Hurst) against the other stockholder (Loy). The amendment of the complaint by interlineation below

did not change the complaint in this respect, and the second paragraph of complaint making the corporation Loy Ready Mix Concrete, Inc. a party defendant, was removed from the court's consideration below and therefore is not before us on this appeal.

Appellees have contended in their brief that Loy Ready Mix Concrete, Inc., was a party defendant to the first paragraph of complaint (which did not name the corporation a party) because of the following demurrer filed by the defendants below which is as follows:

### "DEFENDANT'S DEMURRER

"Comes now the Defendants named in Paragraph 2 of Plaintiff's complaint and demurs to the second paragraph of complaint filed March 1, 1961, on each of the following grounds.

"1. The Court has no jurisdiction of the person of said Defendants herein.

"2. The Court has no jurisdiction of the subject matter of the second paragraph of complaint.

"3. The Plaintiff has no legal capacity to bring such suit in action and to sue.

"4. The second paragraph of complaint does not state facts sufficient to constitute a cause of action.

"WHEREFORE, said Defendants pray that said demurrer be sustained." (Emphasis supplied.)

However, contrary to appellees' contention, the demurrer is specifically directed to the second paragraph of complaint and cannot therefore be said to have made Loy Ready Mix Concrete, Inc., a party to the first paragraph of complaint to which it did not refer.

It is true that plaintiff-appellee Hurst on filing the second paragraph of complaint (not here before

us) procured the issuance of a defective four day summons on the corporation and thereafter attempted as a director of the corporation to enter a general appearance and waive the issuance of summons for the corporation. However, an officer or agent of a corporation cannot commence an action against said corporation by serving himself with process. 42 Am. Jur., Process, §108, pp. 93, 94; 72 C. J. S., Process, §31, pp. 1033, 1034.

We recognize the rule that the jurisdiction of a court to render a particular judgment must be determined from the allegations of the complaint. 7 I. L. E., Courts, §6, p. 414.

It necessarily follows that a complaint by one individual against another individual to dissolve a partnership and for the appointment of a receiver can not give the trial court jurisdiction to appoint a receiver for a corporation not made a party to the case. See: *State of Washington* v. *United States* (1936), 87 F. 2d 421, 427.

The amendment of the complaint by interlineation in the case before us did not make the corporation a party, and it follows the court must be held to be without jurisdiction to appoint a receiver of the corporation.

It is of course true that cases may arise where parties are in doubt as to the legal existence of an alleged corporation over which a receiver should be appointed. The safe practice in such a situation is to file a complaint in two paragraphs—one alleging a corporation and the other a non-corporate relationship, so that the trial court may make such a determination as the law and the facts warrant, on one paragraph of complaint or the other. Here the complaint attempted to obtain a re-

ceiver upon dissolution of a partnership or a noncorporate business, but the court's finding and decree sought to appoint a receiver for the business of a corporation not a party to the law suit.

This was beyond the court's jurisdiction and compels a reversal of the cause.

The interlocutory order and judgment is reversed with directions to set aside the finding and decree appointing the receiver.

Achor, C. J., and Arterburn and Bobbitt, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 182 N. E. 2d 423.